UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAVAN SINGH SAHOTA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>THE ISLANDER, Official No. 248189, her gear, furniture, equipment, etc., *in rem*,<br><br>　　　　　　Defendant. | CASE NO. C18-1455-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for an order appointing substitute custodian and for boarding and inspection (Dkt. No. 4). Having thoroughly considered the relevant record, the Court hereby GRANTS the motion.

Plaintiff Bavan Singh Sahota, by and through his attorney of record, makes the following recitals pursuant to Local Admiralty Rule 135(b):

　　1.　　On October 3, 2018, Sahota filed his verified Complaint herein, requesting that the vessel THE ISLANDER, Official No. 248189, its engines, machinery, and other appurtenances, etc., be condemned and sold to pay Plaintiff's claims and for other proper relief.

　　2.　　It is anticipated that the Clerk of the Court will be authorized by this Court to issue a Warrant of Arrest commanding the United States Marshal for this District to arrest and take the defendant vessel into custody and to detain it in custody until further order of this Court.

3. It is contemplated that the United States Marshal will seize the defendant vessel forthwith. Custody by the U.S. Marshal requires the services of one or more keepers at a charge of at least $900.00 per day per keeper, not including charges for moorage and the other services usually associated with safekeeping vessels similar to the defendant vessel.

4. The defendant vessel is currently moored at 1611 Fairview Avenue E. Seattle, Washington 98104. After arrest, it may be necessary to move the vessel to the facilities of Marine Lenders Services, LLC at 5350 30th Avenue N.W., Seattle, Washington, or to other suitable moorage. It may also be necessary to offload any remaining cargo from the vessel.

5. Plaintiff is agreeable to allowing Marine Lenders Services, LLC to assume the responsibility of safekeeping said vessel and Marine Lenders Services, LLC has consented to act as custodian of the vessel until further order of this Court. Fees and expenses to be charged by Marine Lenders Services, LLC will be substantially less than the cost of leaving the defendant vessel in the custody of the U.S. Marshal.

6. Buck W. Fowler Jr., Managing Member by declaration, has stated that Marine Lenders Services, LLC has no interest in the outcome of this lawsuit, can arrange for adequate facilities and supervision for the proper safekeeping of the vessel, and has obtained the legal liability insurance through Travelers (Policy No. 6F238672 660) with policy limits of not less than $2,000,000, which is expected to be adequate to respond in damages for loss of or injury to the defendant vessel resulting from their legal liability or for damages sustained by third parties due to any acts, faults, or negligence of the substitute custodian. Further, in his declaration, Buck W. Fowler Jr., on behalf of Marine Lenders Services, LLC has agreed to accept custody of the vessel and its equipment in accordance with the terms of this order.

7. In consideration of the U.S. Marshal's consent to the appointment of Marine Lenders Services, LLC as substitute custodian, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel and its equipment, from the time the U.S. Marshal transfers custody of

1 the vessel over to the substitute custodian, and Plaintiff further agrees to indemnify and hold the
2 United States and the U.S. Marshal harmless from any and all claims whatsoever arising out of
3 the substitute custodian's possession and safekeeping of the vessel.

4 Therefore, it is hereby ORDERED that:

5 1. Upon the seizure of the defendant vessel, THE ISLANDER, Official No. 248189,
6 its engines, tackle, and other appurtenances pursuant to the Warrant of Arrest, the U.S. Marshal
7 for the Western District of Washington is authorized and directed to surrender custody of the
8 vessel to Marine Lenders Services, LLC as substitute custodian herein, and that upon such
9 surrender, the Marshal shall be discharged from his/her duties and responsibilities for the
10 safekeeping of the vessel and held harmless from any and all claims arising out of said custodial
11 services.

12 2. Marine Lenders Services, LLC, as substitute custodian, shall see to and be
13 responsible for the safekeeping of the defendant vessel. The duties of the substitute custodian
14 shall include, but are not limited to, ensuring that there is adequate, safe moorage for the vessel.
15 The substitute custodian is not required to have a person live on board the vessel, but an officer
16 or authorized agent of the substitute custodian shall go on board the vessel, from time to time to
17 carry out the duties of substitute custodian. No other person shall be allowed to enter on the
18 vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

19 3. The defendant vessel may be moved by tug or other safe means from its present
20 moorage to adequate, safe moorage at the facilities of the substitute custodian on the Lake
21 Washington Ship Canal, Seattle, Washington or other suitable location. The substitute custodian
22 shall notify the office of the U.S. Marshal that the vessel is to be moved and shall again notify
23 the office of the U.S. Marshal when the vessel has been moved. Once the vessel has been moved
24 to the facilities of the substitute custodian or other suitable moorage, the defendant vessel shall
25 not be moved again without further order of the Court.

26 4. Marine Lenders Services, LLC, as substitute custodian, may if necessary offload

any cargo aboard the vessel and arrange for storage of the same at a suitable storage facility. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading of cargo and again upon the completion of any such offloading.

5. Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any fuel and arrange for disposal of the same. The substitute custodian shall notify the office of the U.S. marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

6. Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain a marine engineer familiar with the vessel and to take him or her on board the vessel with authorized agents of Marine Lenders Services, LLC to assist in the securing of the vessel.

7. Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, remove those pieces of electronic equipment on board the vessel, if any, which may be easily removed without damage to the vessel, and that such removed electronic equipment shall be stored in safe, secure storage pending further order of this Court.

8. Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain such services as are necessary to clean the interior of the vessel, clean the exterior of the vessel, and/or remove food products from the vessel, with such services to be performed under the supervision of the substitute custodian.

9. Plaintiff shall arrange to pay charges for moorage of the vessel and the fees, costs, and legal liability insurance premiums of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction of the inventory of the equipment on board, in securing the vessel, in having the vessel cleaned, in moving the vessel, and/or in offloading any cargo from the vessel.

10. Subject to final approval by the Court, all fees, costs, and expenses incurred by Plaintiff or the substitute custodian pursuant to the terms of this order shall be deemed administrative expenses of the U.S. Marshal.

11. Plaintiff's attorney shall send a copy of this order to the owner of the defendant vessel at the last address known by Plaintiff, and to the address shown on the record of the U.S. Coast Guard by Certified Mail, Return Receipt Requested.

12. The substitute custodian may permit boarding and inspection of the defendant vessel by marine surveyors, representatives of Plaintiff, representatives of Defendant, and prospective purchaser's in order to determine the vessel's condition and value at a date and time convenient to the substitute custodian. All costs of such boardings and inspections shall be paid by such prospective and third party purchasers directly to Marine Lenders Services, LLC prior to boarding. Such expenses shall not be deemed administrative costs in custodial herein. All persons entering on board the vessel shall execute a waiver and release. The substitute custodian or its employees shall be in attendance at all times of such boarding.

The Court DIRECTS the Clerk of Court to deliver three certified copies of this order to the United States Marshal forthwith.

DATED this 4th day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE